IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

IVAN CERNA, et al.,

    Defendants.

                                 /

No. CR 08-0730 WHA

**ORDER DENYING DEFENDANT SOSA'S MOTION TO SUPPRESS AUDIO RECORDINGS (DKT. NO. 893)**

       In this gang prosecution, defendant Sosa is charged in counts 35 through 39 of the third superceding indictment with one count of conspiracy to distribute or possess with intent to distribute over 50 grams of actual methamphetamine and four counts of distribution or possession with intent to distribute over five grams of actual methamphetamine. Her co-defendant Mauricio Urias is charged in the same five counts. The government has produced in discovery audio recordings including telephone calls between defendant Urias and a confidential informant known as SA-1218-SF. In these calls, defendant Sosa can purportedly be heard in the background making audible statements. The telephone calls were recorded with the consent of the confidential informant. Defendant Sosa now moves to suppress these audio recordings.

       Pursuant to the "invited informer" doctrine, the government may record without a warrant a conversation with a defendant where one of the parties to the conversation is a confidential informant or government agent who has consented to the recording. "[H]owever

strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with authorities." *United States v. White*, 401 U.S. 745, 749 (1971). In *White*, the defendant made incriminating statements to a government informant who secretly wore a wire that transmitted radio signals of White's statements to law enforcement agents. The Supreme Court affirmed on appeal the admissibility of White's incriminating statements.

Defendant Sosa argues that the invited informer exception to the warrant requirement does not apply to her recorded statements because she did not speak directly to the confidential informant in this instance. Instead she spoke in the background while defendant Urias spoke directly to the confidential informant on the telephone. She relies on *United States v. Nerber* 222 F.3d 597 (9th Cir. 2000), in which the defendants moved to suppress evidence derived from video surveillance taken of them in a hotel room rented by confidential informants. The Ninth Circuit affirmed that while video recordings made when the informants were in the room were admissible against the defendants, video recordings made when the defendants were alone in the room were not. The Ninth Circuit held that people have an expectation of privacy when they are alone in someone else's hotel room. It noted that "every 'invited informer' case we are aware of involved a defendant voluntarily sharing his words or revealing his actions to a government agent." *Id.* at 605 n. 10. Because the defendants were alone in the hotel room, they were no longer voluntarily revealing their actions to the informants.

Unlike the defendants in *Nerber*, defendant Sosa was not alone when she made the statements at issue and did not have a reasonable expectation of privacy. Although she did not speak directly to the confidential informant, she does not assert that she was unaware that defendant Urias was on the phone when she spoke in his presence. Defendant Sosa's situation is therefore akin to the defendant's position in *White*. She assumed the risk that her words would be overheard by the person with whom defendant Urias was speaking, and that this person would turn out to be a government agent. The fact that the confidential informant was speaking to defendant Urias over the telephone and not in person as in *White* is immaterial.

2

Defendant Sosa alternative argues that the statements should be suppressed under the federal wiretap statute, 18 U.S.C. 2510 *et seq.* This is similarly unavailing. The wiretap statute explicitly permits the interception of oral communications where one of the parties to the communications has given prior consent to the interception. 18 U.S.C. 2511(d).

For the foregoing reasons, defendant Sosa's motion to suppress audio recordings is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3