IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANT SOSA'S MOTION TO QUASH SUBPOENA OF EXPERT WITNESS** |
| JUDITH SOSA, *et al.* | |
| Defendants. | |

In this narcotics prosecution, defendant Judith Sosa moves to quash the government's subpoena of her retained expert, Edwin Smith, a forensic chemist. Defendant Sosa is charged with conspiracy to distribute or possess with intent to distribute methamphetamine, as well as four sales of methamphetamine. Pursuant to Rule 16(b), defendant Sosa disclosed that Expert Smith concluded that the total amount of actual methamphetamine present was 58.7 grams. (The government's own expert witness concluded that the methamphetamine present was 71.7 grams.) The threshold quantity which the government must prove as an element of the conspiracy charge against defendant Sosa is 50 grams. The government has subpoenaed Expert Smith with the intent to call him in its case-in-chief against defendant Sosa.

Relief is granted as follows. The government will *not* be permitted to call Expert Smith in its case-in-chief, primarily because it did not disclose him as one of its own expert witnesses as required by Rule 16(a). It would be unfair to allow the government to take advantage of defendant's diligence by subpoenaing her expert witness. This principle is clearest in the hypothetical situation where the government has through inadvertence or neglect failed to

obtain its own expert at all and tries to cover its mistake through subpoenaing the defendant's expert. In that hypothetical, it is clear that the government should not be allowed to exploit the defendant's homework in order to carry its burden of proof. Although here the government has its own expert and has done its homework, the principle is the same. (This order expresses no opinion on whether a reciprocal tactic could be employed by defendants to call government experts in their case-in-chief.)

The United States would have been within its rights to subpoena the *records* of Expert Smith so that when he testifies in defendant Sosa's case-in-chief, if at all, it could effectively cross-examine him on the bases of his conclusions. But this presupposes that defendant Sosa calls her expert witness in the defense case.

Circumstances might conceivably arise in which the government would be permitted to call Expert Smith in rebuttal but even this would be an extremely rare and extraordinary circumstance. Expert Smith need not be available to testify in response to the subpoena until the time for the government's rebuttal case, not on the first day of trial. In sum, although the subpoena will remain effective to protect the remote contingency concerning rebuttal, the government will not be allowed to call the defense expert in its case-in-chief.

**IT IS SO ORDERED.**

Dated: January 28, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2